NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:23-cr-00008-MO |
| v. | **GOVERNMENT'S MOTION FOR PRETRIAL DETENTION** |
| **ALEXANDER BRUCE LEAKE**, | |
| Defendant. | |

Defendant is presently charged with possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C). Although not alleged as a mandatory minimum offense, and there is no presumption of detention, defendant presents a risk of danger to the community, and is not a suitable candidate for release.

At defendant's initial appearance, the Court took defendant's release decision under advisement and permitted the government to submit additional factual details to support the government's assertion that defendant had resumed drug distribution after he was contacted by investigators in September 2022.

**Government's Motion for Pretrial Detention**  Page 1

I.      **LEGAL STANDARDS**

The Bail Reform Act provides that defendants shall be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

The Bail Reform Act sets forth the relevant factors to be considered including: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, history relating to drug or alcohol abuse, and supervision status at the time of the current offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.

The government bears the burden of establishing danger to the community by clear and convincing evidence; risk of flight need only be proved by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f). Accordingly, both the government and the defense may present evidence by proffer or hearsay. *Winsor*, 785 F.2d at 756. *See also United States v. Bibbs*, 488 F. Supp. 2d 925, 925-26 (N.D. Cal. 2007).

Each of the release factors weighs strongly in favor of pretrial detention in this case.

II.     **APPLICATION TO THIS CASE**

    A.    *Nature and Circumstances of the Offense*

The nature of this offense, possession with intent to distribute fentanyl, is a serious offense. Defendant is charged with a controlled substances offense carrying up to 5-year sentence. The facts and circumstances of defendant's offense are equally serious. Investigators identified defendant as a drug distributor who sold counterfeit oxycodone pills containing fentanyl to an individual who died after smoking the drugs distributed by defendant. Through the course of their investigation, agents with the Drug Enforcement Administration, and other task force investigators, identified the chain of distributors for these deadly pills.

In September 2022, investigators contacted defendant and informed him of the nature of the fentanyl poisoning investigation. Defendant admitted he had recently sold the decedent 20 pills for $5 per pill. Investigators lawfully searched defendant's cellphone and found messages corroborating defendant's account. Investigators also discovered additional evidence in defendant's phone that defendant was distributing fentanyl and other drugs (Xanex bars and methamphetamine). Investigators seized approximately 60 counterfeit oxycodone pills defendant admitted were remaining drugs from the same source of supply that were sold to the victim.

During the encounter, investigators lawfully seized two firearms from defendant's closet: a Smith and Wesson M&P-15 .223 caliber rifle, and a sawed-off Maverick Arms 20-guage shotgun. Although a convicted felon, defendant's priors do not prohibit him from possessing the weapons under federal law.

After investigators identified Leake's source of supply for the fentanyl pills that defendant sold to the overdose victim, they continued their investigation discovering more levels to the distribution chain. Defendant was not arrested.

Defendant's involvement in the Portland drug trade was primarily as a street level dealer, however his crime ended with a disastrous result. This factor favors detention.

**Government's Motion for Pretrial Detention**                                                           **Page 3**

B.   **Weight of the Evidence**

The evidence in this case consists of witness testimony, defendant's statements, officer observations and testimony, digital evidence including physical surveillance to establish defendant's participation and role in the distribution chain. There will likely be expert testimony about the drugs seized in this case. Although the weight of the evidence is the "least important factor" for release determinations, the weight of the evidence is extremely strong and defendant faces a near certainty of conviction should he go to trial. *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). The weight of evidence against defendant is considerable, and this factor weighs in favor of detention.

C.   **Defendant's History and Characteristics**

The U.S. Pretrial services officer prepared a report for defendant's initial appearance, and that details defendant's history. Defendant is a U.S. citizen and lifelong Oregonian. Defendant has a number of prior convictions for drugs, assault and supervision violations. Defendant maintains he is currently in treatment and receiving methadone for his addiction.

In all likelihood, defendant will return to use if released. His drug use is almost certainly the source of his criminal conduct. If he returns to use, he will doubtless return to distributing drugs and there is little certainty that defendant will comply with any conditions of release. This factor weighs in favor of detention.

D.   **Nature and Seriousness of the Danger Posed by Defendant's Release**

If he is released, defendant presents a serious risk to the community. When he was arrested, investigators lawfully seized additional counterfeit oxycodone pills from his room and discovered other evidence of continued drug distribution (scales, packaging materials, dime bags used o break down bulk supplies to sell to customers). Defendant insisted to the investigators that the drugs

found in his room were not his, and that he and his girlfriend were clean. He gave various accounts of his sobriety but eventually admitted he had recently overdosed on "blues" (fentanyl pills) days before he was arrested.

At the time of his arrest, investigators lawfully searched defendant's cellphone where they discovered evidence of recent drug distribution activity from January 2023. Investigators noted one message from December 25, 2022 where defendant stated, "all I have is fetty" (fentanyl). In another message from January 15, 2023, an individual messaged defendant about needing fentanyl and defendant responded, "I have." Several days later the same individual messaged defendant, "Hey can I come by I'm kinda sick." Below are screen captures from defendant's cellphone of messages from January 14, 2023 indicating his continued drug distribution activities:




Investigators believe these messages from January 2023 indicate that defendant had received drugs and was confronting his supplier that the amount was less than what he had paid for.

The government does not believe sufficient conditions exist that will secure the safety of the community Defendant may posit that his criminal activities and his supervision violation history are products of his drug addiction, and that drug treatment will break his criminogenic cycle. However, given his past history of non-compliance while on supervision, his dishonesty with the arresting officers about his drug usage, and his continued drug distribution activities, the government has no confidence that releasing defendant with treatment conditions will adequately protect the community from a potential return to use and/or additional drug distribution.

Furthermore, the evidence of recent drug distribution activities *after* being confronted with the deadly consequences his criminal conduct presents an unreasonable risk of danger to the community. There are no conditions or combination of conditions that defendant is likely to comply with that will assure his presence of the safety of the community. For these reasons, this factor also weighs in favor of detention.

### III.   CONCLUSION

For these reasons, including the facts and evidence from the investigation, demonstrate defendant is clearly and convincingly a danger to the community. Therefore, no condition or combination of conditions will assure his future appearance, and the safety of the community. Defendant should be detained pending trial.

DATED: January 19, 2023.                    Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/ Paul T. Maloney*
Paul T. Maloney, OSB #013366
Assistant United States Attorney